# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Edward Suhajda<br>PO Box 50<br>Arkdale, WI 54613<br><br>     Plaintiff,<br><br>v.<br><br>NCO Financial Systems, Inc.<br>c/o CT Corporation System, Registered Agent<br>8025 Excelsior Drive, Suite 200<br>Madison, WI 53717<br><br>     Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT<br>COLLECTION PRACTICES ACT<br>AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a õconsumerö as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a õdebtö as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff has brought this claim within the timeframe permitted under the FDCPA.

9. On or around July 3, 2007, Plaintiff informed Defendant that Plaintiff had retained an attorney for bankruptcy and provided the law firm's contact information.

10. Despite this notice, Defendant telephoned Plaintiff on July 6, 2007.

11. During this communication, Plaintiff reiterated the above notice.

12. Defendant responded by accusing Plaintiff of lying and said that, if Plaintiff had a real attorney, Plaintiff's attorney would contact Defendant.

13. During this communication, Defendant repeatedly demanded payment despite Plaintiff's reiterated notice.

14. Approximately two minutes after Plaintiff ended the communication referenced above, Plaintiff attempted to place a phone call to another person, but Defendant was still on the line and Defendant initiated further communication about Plaintiff's debt.

15. During this communication, Defendant stated that Defendant would stay on the phone all day, asked Plaintiff if Plaintiff "liked that", and then laughed at Plaintiff.

16. As a result of the communications referenced above, Plaintiff had a panic attack and experienced heart palpitations, a cold sweat, nervousness, and anxiety.

17. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: /s/ Jeffrey S. Hyslip
　　　Jeffrey S. Hyslip
　　　Attorney for Plaintiff
　　　20 W. Kinzie Street, Suite 1300
　　　Chicago, IL 60610
　　　Telephone: 866-339-1156
　　　Email: jsh@legalhelpers.com